932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell D. HILL, Petitioner-Appellant,
v.
Eric C. DAHLBERG, Warden, Respondent-Appellee.
 No. 90-3510.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1991.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Darnell D. Hill, a pro se Ohio prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hill was convicted by a jury of rape, aggravated burglary and grand theft. On April 20, 1988, Hill was sentenced to an aggregate term of 14-35 years imprisonment; the sentence however was not journalized. Shortly thereafter, the trial court vacated the original sentence and imposed a new sentence of 14-50 years imprisonment. The Ohio Court of Appeals affirmed the conviction, but vacated the sentence, holding that the trial court could not resentence Hill to a term of imprisonment exceeding the original maximum sentence of 35 years. The Ohio Supreme Court later denied discretionary review. Thereafter, in accordance with the Court of Appeals opinion, the trial court imposed a sentence of 12-25 years imprisonment. The Ohio Court of Appeals affirmed the new sentence.
 
 
 4
 Hill then filed his habeas petition alleging: 1) that the trial court erred in not granting a mistrial after a state witness commented on Hill's prior criminal activity after a motion in limine had been granted providing for the exclusion of such evidence; 2) the court erred by refusing to instruct the jury on the lesser included offenses of sexual battery, burglary, and the unauthorized use of a vehicle; and 3) the trial court erred when it vacated its original sentence and imposed a harsher sentence.
 
 
 5
 The magistrate recommended that the petition be denied, finding that Hill waived federal habeas review of claims 1 and 3 because he had not presented them to the Ohio Supreme Court on direct appeal, and because he had not established "cause" to excuse the procedural default. The magistrate also found that jury instructions on the lesser included offenses were not warranted because no jury would have found Hill guilty of the lesser offenses. The district court adopted the magistrate's recommendation after reviewing Hill's objections.
 
 
 6
 Upon review, Hill reasserts his claims, and argues that it was counsel's "fault" that claims 1 and 3 were not raised before the Ohio Supreme Court on direct appeal.
 
 
 7
 Upon review, we affirm the district court's judgment for the reasons stated in the magistrate's report dated March 12, 1990, as adopted by the district court in its order filed on April 16, 1990. The errors that are subject to our review did not deny Hill a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation